No. 71–931. VOLPE, SECRETARY OF TRANSPORTATION, ET AL. *v.* D. C. FEDERATION OF CIVIC ASSNS. ET AL. C. A. D. C. Cir. Certiorari denied.

MR. CHIEF JUSTICE BURGER, concurring.

I concur in the denial of certiorari in this case, but solely out of considerations of timing. Questions of great importance to the Washington, D. C., area are presented by the petition, not the least of which is whether the Court of Appeals has, for a second time, unjustifiably

frustrated the efforts of the Executive Branch to comply with the will of Congress as rather clearly expressed in § 23 of the Federal-Aid Highway Act of 1968, 82 Stat. 827.* If we were to grant the writ, however, it would be almost a year before we could render a decision in the case. It seems preferable, therefore, that we stay our hand. In these circumstances Congress may, of course, take any further legislative action it deems necessary to make unmistakably clear its intentions with respect to the project, even to the point of limiting or prohibiting judicial review of its directives in this respect.

---

*Certain of the provisions of § 23 of the Federal-Aid Highway Act of 1968 were apparently enacted in response to the decision in *D. C. Federation of Civic Assns., Inc.* v. *Airis,* 129 U. S. App. D. C. 125, 391 F. 2d 478, in which it was held that the planning and construction of this project had to be carried out in strict compliance with the procedural requirements of Title 7 of the D. C. Code. Section 23 (a) of the Act provides that "[n]otwithstanding any other provision of law, or any court decision . . . to the contrary, the Secretary of Transportation and the government of the District of Columbia *shall . . . construct*" certain specified "routes on the Interstate System within the District of Columbia." (Emphasis added.) In § 23 (b), Congress singled out four particular projects, including this one, for special treatment by providing that work on those projects was to commence "[n]ot later than 30 days after the date of enactment of this section." In an earlier phase of the litigation involved in the instant petition, the Court of Appeals rejected the petitioners' contention that § 23 rendered inapplicable the pre-construction planning and public hearing requirements set out in various sections of Title 23 of the United States Code. *D. C. Federation of Civic Assns., Inc.* v. *Volpe,* 140 U. S. App. D. C. 162, 434 F. 2d 436. On remand following that decision, the District Court found that the petitioners had complied with all applicable provisions of Title 23 except those of § 128 relating to public hearings and those of § 109 relating to safety standards and other requirements. The Court of Appeals, in the decision that we are now being asked to review, reversed in part, holding that the petitioners had failed to comply with a number of additional pre-construction provisions of Title 23.